# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ARLEN J. BROWN

NO. 2021 KW 0347

**APRIL 26, 2021**

---

In Re:     Arlen J. Brown, applying for supervisory writs, 23rd
           Judicial District Court, Parish of Ascension, No.
           10949.

---

**BEFORE:   GUIDRY, McCLENDON, AND LANIER, JJ.**

    **WRIT DENIED.**   In **Ramos v. Louisiana,** __ U.S. __, __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court held, "the Sixth Amendment's unanimity requirement applies to state and federal criminal trials equally." However, the Court declined to address whether its holding applied retroactively to cases on collateral review. The Court specifically observed that the question of "[w]hether the right to jury unanimity applies to cases on collateral review is a question for a future case where the parties will have a chance to brief the issue and we will benefit from their adversarial presentation." See **Ramos,** __ U.S. at __, 140 S.Ct. at 1407. The question of whether Ramos must apply retroactively to cases on federal collateral review is currently pending before the Court. **Edwards v. Vannoy,** __ U.S. __, 140 S.Ct. 2737, 206 L.Ed.2d 917 (2020). Moreover, the Louisiana Supreme Court has declined to definitively rule on whether **Ramos** should apply on collateral review in state court proceedings pending a decision in **Edwards.** See **State v. Gipson,** 2019-01815 (La. 6/3/20), 296 So.3d 1051, 1052 (Johnson, C.J., dissenting to point out that she disagreed with the majority's decision to defer ruling until the United States Supreme Court mandates action). Therefore, we are constrained to deny relief at this time. However, our decision does not preclude relator from reurging the issue in the district court if warranted by the decision of the higher court(s).

JMG
PMc
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT